UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RITA A. NOALL, *et al*, ) | |
| ) | CASE NO.1:09 CV 2510 |
| Plaintiff(s), ) | |
| ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| HOWARD HANNA COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This case is before the Court on Plaintiffs' Motion for Leave to File a First Amended Complaint." (ECF # 77). Following the recent U.S. Supreme Court decision in *Freeman v. Quicken Loans, Inc*., 182 L. Ed. 2d 955, 966 (2012), which clarified that an action under RESPA §8(b) requires that the allegedly improper fee be split between two entities, and that it is not actionable under that section for a single entity to keep the entire fee whether or not it was an unearned fee. In Plaintiffs original Complaint, they did not allege that the fee in question was split between two or more parties, nor did they raise this possibility when Defendants sought to dismiss the Complaint for failure to assert that the fee had been shared or split with another entity.

Now, however, Plaintiffs seek to add an allegation that the fee at issue was split with Howard Hanna Company. As stated in their brief, and as admitted at the status conference

discussing the issue, the only basis the Plaintiffs have at this time for making such an assertion is the testimony of Michael Black, Howard Hanna Company's financial controller, in which he indicated that the net income of Smythe Cramer, "[a]t the end of the day, when all money's in, everything's paid out, that income is the bottom line. That is rolled up to Hanna Holdings." (Black depo. 13:304; 57:2-18. The parties admit that they have no evidence that the fee was split or portions of it were distributed to Hanna Holdings at the time of the transaction, or that it was otherwise directly tracked and apportioned to Hanna Holdings or any other entity. Plaintiffs argue that they cannot obtain any such evidence absent further discovery, while Defendants argue that making such an allegation in the Complaint absent any evidence or indication that such a system was in place would violate Fed.R.Civ.P. 11 and would not constitute a good faith claim on the part of the Plaintiffs.

In determining whether to permit an amendment, a court should consider whether there has been undue delay, lack of notice, bad faith, or repeated failure to cure deficiencies, and whether the amendment would be cause undue prejudice to the party or would be futile. *See, e.g., Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). The Court finds that based on the above facts, that allowing an amendment to the Complaint would be futile. The statements on which the proposed Amendment is based do not provide any support whatsoever for a claim of fee splitting under RESPA §8(b). The distribution of net profits to a parent company after all income has come in and all payments have been made, based on a bottom line profit number is far too removed from the imposition or collection of an administrative fee in an individual real estate transaction to qualify as a split fee under RESPA §8(b). *Freeman* gave no indication whatsoever that this provision could or should be applied in such a tremendously broad fashion, nor can this Court find

any legal or logical support for expanding the scope of RESPA §8(b) in such a manner. There is no evidence or other information whatsoever that would support a claim that any part of the administrative fee at issue was tracked, split, agreed to be divided, or actually divided or apportioned to Hanna Holdings or any other entity. It appears from all of the evidence and information available to have been imposed by, collected by, and retained by Smythe Cramer. Allowing additional discovery to determine whether any contrary agreements, accountings, or financial tracking methods could have been in place to directly tie a portion of the administrative fee to the amount obtained by Hanna Holding after the bottom line profits were distributed would be the epitome of a fishing expedition and run contrary to all tenants of good faith pleading practices. For these reasons, Plaintiffs' Motion for Leave to File a First Amended Consolidated Class Action Complaint (ECF #77) is hereby DENIED.

      The parties agree that once the Motion to Amend is denied, the Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' RESPA claim is valid. They disagree, however, as to whether *Freeman* affects the fraud claim also alleged in the Complaint. The Court finds that *Freeman* has no direct application to the fraud claim, and absent a preemption argument which has not been articulated or supported by the currently pending briefs, this claim is raised under and governed by state law. Even if this Court could exercise pendant jurisdiction over the state law claim, a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3). Generally, residual jurisdiction should be maintained only when the "interests of judicial economy and the avoidance of multiplicity of litigation" outweigh the concerns implicated by "needlessly deciding state law." *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991). Under the

circumstances of this case, there is no reason for this Court to exercise residual jurisdiction over the state law claim. Plaintiffs RESPA claim should, therefore, be dismissed because it fails to state a claim upon which relief may be granted as a matter of law, and the fraud claims should be dismissed pursuant to Fed.R.Civ.P. 12(h)(3) for lack of subject-matter jurisdiction.

For all of the reasons set forth above, this Court hereby finds that Plaintiffs' Motion for Leave to File a First Amended Consolidated Class Action Complaint (ECF #77) is DENIED, and that Defendants Motion for Judgment on the Pleadings as to the RESPA claim is GRANTED. (ECF #80). The fraud claim is dismissed for lack of subject matter jurisdiction. This case is, therefore, dismissed with prejudice. The fraud claim may be re-filed in state court in so far as it is allowed by Ohio law.   IT IS SO ORDERED.

       /s/ Donald C. Nugent  
      DONALD C. NUGENT  
      United States District Judge

DATED:   August 9, 2012